BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR 23 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE AIR CRASH DISASTER AT STAPLETON )
INTERNATIONAL AIRPORT IN DENVER, )
COLORADO, ON AUGUST 7, 1975 )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, ANDREW A. CAFFREY*, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of six actions pending in two districts: five in the Southern District of Texas[1] and one in the Central District of California. All the actions are brought by crew members of a Continental Airlines aircraft that crashed during take-off from the Denver, Colorado airport on August 7, 1975.

Four of the Texas actions are brought against The Boeing Company (Boeing); two of those actions also name Airesearch Aviation Company (Airesearch) as a defendant. A different flight attendant is the sole plaintiff in each of three of these actions. These three flight attendants and a fourth flight attendant are plaintiffs in the fourth action. Plaintiffs in these four actions allege that they sustained

---

\* Judges Lord and Caffrey took no part in the decision of this matter.

1/ The five Texas actions have been consolidated by order of the Texas court.

injuries during the crash when their seatbacks and/or seatbelts failed, allowing the plaintiffs to slide wholly or partly from their seats. Two of these plaintiffs also allege in three of the actions that they were further injured when a coat closet came loose from its fastenings during the crash and fell on them. Boeing, and Airesearch in the actions in which it is named, are charged with negligence and breach of certain warranties in the design, manufacture and assembly of the aircraft and its parts.

Two of these flight attendants have brought the fifth Texas action against the United States, charging employees of the Federal Aviation Administration (FAA) with negligence in the control and operation of the Denver airport's air traffic services.

The California action has been brought against the United States by three cockpit crew members of the aircraft and one of the flight attendants who is involved in three of the Texas actions. As in the Texas action brought against the United States, the California plaintiffs claim negligence in the operation of the Denver airport's air traffic services.

The California plaintiffs move the Panel for an order pursuant to 28 U.S.C. §1407 transferring the Texas actions to the Central District of California for coordinated or consolidated pretrial proceedings with the action pending there. The United States cross-moves to transfer all six actions to the District of Colorado. [2/] Only Airesearch and Boeing oppose transfer.

We find that these actions involve common questions of fact and that their transfer under Section 1407 to the District of Colorado for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Opponents to transfer urge that, as a result of the consolidation of the Texas actions, only two actions are actually pending in this litigation and that there are thus too few actions to justify Section 1407 transfer. These parties also dispute the degree of overlap among the actions and urge that any danger of duplicative discovery can be eliminated through cooperation among the parties.

---

2/ The United States has advised us that two passengers on the aircraft have filed administrative tort claims against the United States and that, if these claims are denied, additional actions could arise.

We are not persuaded by these arguments. Central to all actions in this litigation will be the determination whether the crash and/or the concomitant injuries were caused by crew error, defects in the design or construction of the aircraft, the negligence of the Government, or some combination thereof. Thus, while voluntary cooperation among the parties in multidistrict litigation is always commendable, transfer of these actions to a single district for coordinated or consolidated pretrial proceedings will ensure that the possibilities of duplication of discovery and inconsistent pretrial rulings will be eliminated. Additionally, transferring these actions under Section 1407 will have the salutary effect of providing a ready forum for the inclusion of any newly filed actions, which the United States suggests might be filed, in the centralized pretrial proceedings. See In re Industrial Wine Contracts Securities Litigation, 386 F. Supp. 909, 912 (J.P.M.L. 1975); Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259-60 (1975).

With respect to the selection of the transferee forum, California plaintiffs recognize that the Panel has traditionally centralized domestic air disaster litigation in the district that is the situs of the crash, see, e.g., In re Air Crash Disaster at John F. Kennedy International Airport on June 24,

1975, 407 F. Supp. 244 (J.P.M.L. 1976), but these plaintiffs urge that, in the present litigation, the Central District of California is the appropriate transferee forum for the following reasons: 1) The majority of the plaintiffs presently reside in California and the majority of the plaintiffs prefer the Central District of California; 2) As a result of the United States' claims that the crash was caused by crew negligence, discovery of training techniques and documents will be required of Continental Airlines at its Los Angeles base where those documents are located; 3) Discovery will be required of Airesearch at its Los Angeles facility where the plane was allegedly outfitted with components which exacerbated the flight attendants' injuries; and 4) No action in this litigation is pending in Colorado.

We have not been persuaded to depart from our "situs of the crash" rule in this litigation and, therefore, select the District of Colorado as the transferee forum. Air traffic controllers who were responsible for the flight, ground witnesses to the crash and significant documentary evidence, such as tape recordings of conversations between the cockpit crew and the control tower personnel, are located in the Denver area. Pretrial proceedings on the key common issue

of liability can therefore best be supervised in the District of Colorado. See id. at 246; <u>In re Air Crash Disaster Near Upperville, Virginia</u>, 393 F. Supp. 1089, 1090, (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A be, and the same hereby are, transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable Sherman G. Finesilver for coordinated or consolidated pretrial proceedings.

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert E. Pries, et al. v. United States of America | Civil Action No. C77-2340-WPG |

### SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Juliana Shepard Boval v. Boeing Co., et al. | Civil Action No. 76-H-1706 |
| Janetta Johnson Butler v. Boeing Co., et al. | Civil Action No. 77-H-910 |
| Janetta J. Butler and Juliana Shepard v. United States of America | Civil Action No. 77-H-1021 |
| Sue Ann Sutton v. Boeing Co., et al. | Civil Action No. 77-H-1249 |
| Christie Wand, et al. v. Boeing Co., et al. | Civil Action No. 77-H-1468 |